IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-1200

LUCATELLO, LLC

    Plaintiff,

v.

AMGUARD INSURANCE COMPANY
    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff LUCATELLO,LLC., (hereinafter referred to as "Plaintiff"), and file this Original Complaint against Defendant, AMGUARD INSURANCE COMPANY ("AmGuard"), and respectfully would show this court as follows:

## I.
## PARTIES

1. Plaintiff, Lucatello, LLC, is a Colorado Corporation owning leasing property in Douglas County, Colorado.

2. Defendant, AmGUARD Insurance Company, is a foreign corporation domiciled in Pennsylvania and engaged in the business of insurance in the State of Colorado at all times material to this action. AmGuard may be served with process via certified mail, return receipt request to: Amguard Insurance Company, c/o Colorado Division of Insurance, 1560 Broadway, Denver, CO 80202.

## II.
## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because this action concerns real property located in Douglas County, Colorado and all or a substantial part of the events giving rise to the claim described herein occurred in Douglas County, Colorado. Specifically, the insurance policy at issue and of which Plaintiff is a beneficiary of was to be performed in Douglas County, Colorado and the losses under the policy were required to be made in Douglas County, Colorado. Further, investigation, including communications to and from Defendant and Plaintiff occurred in Douglas County, Colorado.

## III.
## FACTUAL BACKGROUND

5. Plaintiff is a limited liability corporation that leases, and insures through Defendant, the property located at 7520 Village Square Dr, Castle Pines, Colorado (hereinafter referred to as "the Property").

6. Plaintiff purchased a commercial lines insurance policy, policy number LUBP152312 (hereinafter referred to as "the Policy"), from AmGuard which provided wind and hailstorm loss coverage to the Property.

7. On or about July 26, 2020 a severe hailstorm struck Douglas County causing severe damage to homes and business throughout the region (hereinafter referred to as "the Storm"), including the Property. The Storm damaged the Property extensively, causing damage to Plaintiff's roof. Specifically, the hail strikes damaged the roof membrane to the extent it began to cause multiple leaks throughout the roof system.

8. When Plaintiff noticed the roof leaking in October of 2020, it submitted a claim to AmGuard for the damage the Property sustained because of the Storm. Plaintiff requested AmGuard cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the Policy.

9. Plaintiff retained a public adjuster who estimated the repair costs to the building due to the Storm to be in the amount of $210,490.60. The estimate is supported by photographs, scientific measurements, and meteorological data. This estimate was provided to AmGuard desk adjuster Beatrice Cherry on October 21, 2020.

10. Pursuant to the Policy, AmGuard has a contractual obligation to pay the full amount of loss, including the cost to repair, restore, and/or replace the damage, less the applicable deductible.

11. On or around November 3, 2020 AmGuard's agents first inspected the Property. On December 8, 2020 AmGuard's retained engineer inspected the property and during the site visit agreed that the damage to the roof was functional and not cosmetic.

12. On or around January 25, 2021 Defendant received the engineering report and had all the information it needed to property adjust the claim and make a claim decision.

13. Approximately six (6) months have past since the claim was filed with Defendant and one hundred and twenty-eight days (128) days have passed since Defendant received its engineering report—yet Plaintiff still does not have a claim decision.

14. Plaintiff or its public adjuster called and emailed AmGuard's desk adjuster Beatrice Cherry no less than twelve (12) times from February 2, 2021 to March 17, 2021. None of these attempts to communicate with Defendant were responded to. Unfortunately, Plaintiff was forced to retain the services of an attorney just to obtain a claim decision.

15. Defendant has inspected the property twice and has all of the information it needs to property adjust the claim. The acts and omissions of AmGuard constitute an unreasonably delay and denial of payment of a claim.

16. As detailed in the paragraphs above, AmGuard wrongfully delayed Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17. Defendant AmGuard failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. AmGuard's conduct constitutes a breach of the insurance contract between AmGuard and Plaintiff.

18. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of C.R.S. § 10-3-1115.

19. From and after the time Plaintiff's claim was presented to Defendant AmGuard, the liability of AmGuard to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, AmGuard has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. AmGuard's conduct constitutes a breach of the common law duty of good faith and fair dealing.

20. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

21. Plaintiff's experience is not an isolated case. The acts and omissions AmGuard committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of AmGuard with regard to handling these types of claims. AmGuard's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## IV.
## CAUSES OF ACTION

22. Each of the foregoing paragraphs is incorporated by reference in the following:

23. AmGuard intentionally breached its contract with Plaintiff, intentionally violated the Colorado law and intentionally breached the common law duty of good faith and fair dealing.

### Count I
### Breach of Contract

24. AmGuard breached the contract of insurance it had with Plaintiff. AmGuard breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Colorado. Plaintiff has incurred damages as a result of Defendant's breach and is entitled to damages in an amount to be determined at trial.

### Count II
### Breach of the Duty of Good Faith and Fair Dealing

28. Plaintiff incorporates the above paragraphs as if fully set forth herein.

29. Defendant owed duties to Plaintiff under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair

dealing, deal with Plaintiff fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's right to receive the benefits under the Policy.

30. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

  a. Failing to properly investigate and evaluate the Plaintiff's claim for Policy benefits;

  b. Failing to pay the Plaintiffs the full benefits owed under the Policy;

  c. Failing to pay amounts under the Policy in a timely manner;

  d. Failing to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claims;

  e. Failure to give equal consideration to the Plaintiff's rights and interests as it has given its own interests;

  f. Depriving the Plaintiff's of the benefits and protections of the contract of insurance;

  g. Compelling the Plaintiff to institute litigation in order to recover amounts due under the Policy; and

  h. Other conduct to be revealed through discovery.

## Count III
### Violation of C.R.S. § 10-3-1115 and Relief Pursuant to § 10-3-1116

31. Plaintiff incorporates the above paragraphs as if fully set forth herein.

32. C.R.S. § 10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

33. Plaintiff is a first-party claimant under C.R.S. § 10-3-1115.

34. Defendant has denied and delayed Plaintiff's claim without a reasonable basis within the meaning of C.R.S. § 10-3-1115.

35. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

36. Because Defendant's actions, as described above, violate C.R.S. § 10-3-1115, Plaintiff brings this claim to recover their reasonable attorneys' fees and court costs and two times the covered benefit, as allowed under C.R.S. § 10-3-1116.

## V.
## DAMAGES

37. Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

38. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

39. For violations of C.R.S. § 10-3-1115 Plaintiff brings this claim to recover their reasonable attorneys' fees and court costs and two times the covered benefit, as allowed under C.R.S. § 10-3-1116.

40. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

41. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff

is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals.

## VI.
## JURY DEMAND

42. Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## VII.
## PRAYER FOR RELIEF

43. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that it have judgment taken against Defendant and recover from Defendant all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

By:     */s/ Michael J. Bins*
**Michael J. Bins**
mbins@potts-law.com
**Christopher D. Lindstrom, #51052**
clindstrom@potts-law.com
THE POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 583-5388

**ATTORNEYS FOR PLAINTIFF**